**RECEIVED**

**In the District Court of the United States**
**For The District of South Carolina**
BEAUFORT DIVISION

OCT 1 9 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| LOUISE THOMAS, ) | Civil Action No. 9:04-22812-HFF-GCK |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF THE MAGISTRATE JUDGE** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |



## I. INTRODUCTION

This case is before the Court upon consent of the parties hereto, pursuant to Local Civil Rule 83.VII.02(A), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(c). The plaintiff, Louise Thomas (the "Plaintiff" or "Claimant"), brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.[1]

## II. BACKGROUND TO THE CLAIM

Plaintiff was born on December 28, 1942, and was 61 years old at the time of the hearing. She graduated high school and worked in the past as a nursing assistant, machine operator,

---

[1] The Social Security Disability Insurance Program, established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides Disability Insurance Benefits ("DIB") to disabled persons who have contributed to the program while employed. The regulations for determining disability are set forth at 20 C.F.R. pt. 404.

kitchen helper and cook. (Tr. 67-70, 75, 80) She had stopped working because of back and leg pain. (Tr. 39) She alleges disability since October 1, 1994, when she was 51 years old, due to arthritis, gout, high blood pressure, heart problems, and diabetes. Plaintiff was last insured for DIB purposes on June 30, 1998, when she was 55 years old. (Tr. 28) 71) Therefore, Plaintiff had to establish that her impairments prevented her from performing any substantial gainful activity for twelve consecutive months beginning on or before that date. 42 U.S.C. § 423(c).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff's application for DIB, filed on April 13, 2002, was denied initially and upon reconsideration by the Social Security Administration due to insufficient evidence. (Tr. 53-68) Plaintiff filed a timely request for hearing on November 27, 2002. (Tr. 65, 101-102)

On December 18, 2003, a hearing was held before Administrative Law Judge Ben T. Deberry (the "ALJ"), in Augusta, Georgia. Plaintiff testified and was represented by W. Daniel Mayes, Esquire. The ALJ considered the case *de novo*, and on January 9, 2004, found that the Plaintiff was not under a disability as defined in the Social Security Act, as amended, at any time through June 30, 1998. (Tr. 13-21)

On March 9, 2004, Plaintiff requested review by the Appeals Council. On September 7, 2004, the Appeals Council denied Plaintiff's request for review (Tr. 5-8), thereby making the ALJ's decision the final decision of the Commissioner of Social Security. See 20 C.F.R. §§ 404.981. Plaintiff has exhausted her administrative remedies, the parties have briefed the case, and it is now ripe for judicial review under § 205(g) of the Act, 42 U.S.C. § 405(g).

## IV. THE COMMISSIONER'S FINDINGS

In making her determination that the Plaintiff was not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

1. The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through June 30, 1998.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant did not have, prior to her date last insured, any impairment or combination of impairments that significantly limited her ability to perform basic work-related activities prior to her date last insured; therefore, the claimant did not have a "severe" impairment on or prior to June 30, 1998 (20 C.F.R. § 404.1520).

4. The claimant was not under a "disability," as defined in the Social Security Act, at any time through June 30, 1998 (20 CFR § 404.1520(c)). (Tr. 20)

## V. SCOPE OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996); Pass v. Chater, 65 F.3d 1200 (4th Cir. 1995); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).



The Court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Teague v.

Califano, 560 F.2d 615, 618 (4th Cir. 1977). Such evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). It is the duty of the ALJ reviewing the case, and not the duty of the Court, to make findings of fact and resolve conflicts in the evidence. Hays, 907 F.2d at 1456. In reviewing for substantial evidence, the court does not weight conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. Id. If substantial evidence supports the Commissioner's decision that a claimant is not disabled, the decision must be affirmed. Blalock, 483 F.2d at 775.



Nevertheless, this deferential standard of review does not mean that "the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F2d. 278, 279 (4th Cir. 1969). The court also must determine whether the Commissioner's decision complies with applicable law. Myers v. Califano, 611 F.2d 980 (4th Cir. 1982). Therefore, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Agency's] findings, and that [the] conclusion is rational. Vitek v. Finch, 438 F.2d 1157, 1157-1158 (4th Cir. 1971) (citations omitted). "A factual finding by an ALJ is not binding if it has been reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517

(4th Cir. 1987). "Where the [Commissioner's] determination is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing'" pursuant to Section 405(g). Vitek, 438 F.2d at 1158 (citations omitted); see also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

## VI. THE APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions that are to be asked during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (2004); Heckler v. Campbell, 461 U.S. 458 (1983); Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). The five questions are:



> (1) whether the claimant is engaged in substantial gainful activity as defined in Sections 404.1510, 404.1571 et seq. If such determination is affirmative, no disability will be found. 20 C.F.R. § 404.1520.

(2) whether the claimant's impairments meet the durational requirement (Section 404.1509), and are severe (Section 404.1520(c)). If they do not meet those requirements, no disability will be found. 20 C.F.R. §§ 404.1509, 404.1520(c).

(3) whether the claimant has an impairment which meets or medically equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1) (the "Listing of Impairments") 20 C.F.R. § 404.1520(d). If one of the listings is met, disability will be found without consideration of age, education or work experience. 20 C.F.R. § 404.1520(d).

(4) whether the claimant has an impairment which prevents past relevant work. 20 C.F.R. § 404.1520(e).

(5) whether, in light of vocational factors such as age, education, work experience and RFC, the claimant is capable of other work in the national economy. The claimant is entitled to disability only if the answer is "no." 20 C.F.R.§ 404.1520(f).

An individual may be determined not disabled at any step if found to be: gainfully employed, not severely impaired, not impaired under the Listing of Impairments (20 C.F.R. Pt. 404, Subpart P, App. 1), or capable of returning to former work. In such a case, further inquiry is unnecessary. If, however, the claimant makes a showing at Step Four that return to past relevant work is not possible, the burden shifts to the Commissioner to come forward with evidence that the claimant can perform alternative work and that such work exists in the national economy. English v. Shalala, 10 F.3d 1080 (4th Cir. 1993); Harper v. Bowen, 854 F.2d 678 (4th Cir. 1988); Coffman v. Bowen, 829 F.2d 514 (4th Cir. 1987). The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines (the "Grids") or by calling a vocational expert to

testify. 20 C.F.R. § 404.1566. The Commissioner must prove both the claimant's capacity and the job's existence. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir.1983).

## VII. ANALYSIS OF THE ALJ'S DECISION

Consistent with the five step "sequential evaluation" for the adjudication of disability claims, the ALJ first found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20, Finding 2) With respect to Step Two, the ALJ determined that Plaintiff, prior to her date last insured (June 30, 1998), did not have any impairment or combination of impairments that significantly limited her ability to perform basic work-related activities. Therefore, the Plaintiff did not have a "severe" impairment[2] on or prior to June 30, 1998. (Tr. 20, Finding 3) Because Plaintiff's impairment or impairments were not severe (20 C.F.R. § 404.1520(c)), the ALJ concluded that the Plaintiff was not under a disability as defined by the Act at any time through June 30, 1998. (Tr. 20, Finding 4) Thus, the ALJ's analysis ended at Step Two, because Plaintiff's medical impairments were not "severe." See 20 C.F.R. 404.1520(c).

## VIII. PLAINTIFF'S OBJECTIONS

The Plaintiff raises two objections in her Brief:

1. The ALJ's determination that the Plaintiff's impairments were not severe (prior to the date she was last insured for benefits) is not supported by substantial evidence.

2. The ALJ did not properly assess the Plaintiff's allegations of pain and the credibility of the Plaintiff.

---

[2] An impairment is considered "severe" when it "significantly limits an individual's physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1520(c); Social Security Ruling 96-3p.

## IX. DISCUSSION

### A. Introduction

Here, the ALJ found that Plaintiff did not have a "severe" impairment and was not "disabled" within the meaning of the Act. The question, then, is whether the evidence supports the Commissioner's finding that Plaintiff did not have an impairment or combination of impairments that were "severe" prior to June 30, 1998, her date last insured.

The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5). She must make a *prima facie* showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). In the present case, Plaintiff had the burden of showing her impairment prior to June 30, 1998 was so functionally limiting as to preclude her from performing any substantial gainful activity for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A) *and* 20 C.F.R. § 404.1509. In other words, because Plaintiff was last insured as of June 30, 1998, she had to establish that her "disability" existed on or prior to that date. *See* Kasey v. Sullivan, 3 F.3d 75, 77 n.3 (4th Cir. 1993); Robert v. Schweiker, 667 F.2d 1143, 1144 (4th Cir. 1981).



### B. Analysis of Plaintiff's Objections

**1. The ALJ's determination that the Plaintiff's impairments were not severe (prior to the date she was last insured for benefits) is not supported by substantial evidence.**

Plaintiff had the burden of showing that her impairments were "severe" within the meaning of the Act. An impairment is "severe" if it significantly limits a claimant's ability to do

basic work activities. "Basic work activities" refers to the abilities and aptitudes necessary to do most jobs and includes the following:

> (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

In the present case, there was no objective evidence presented that established that Plaintiff's impairments significantly limited either her physical or mental abilities to do basic work activities prior to her date last insured. Contrary to Plaintiff's argument, the objective medical evidence of record is devoid of any evidence that, prior to June 30, 1998, Plaintiff had any significant limitations on her ability to sit, stand, walk, lift, carry, push, pull, reach, see, hear, or speak. Similarly, there is no evidence that prior to June 30, 1998, Plaintiff had any significant limitations on her ability to understand instructions, use judgment, or respond appropriately to others. *See* 20 C.F.R. § 404.1521(b).



The objective evidence of record reveals that in September 1996, Dr. Clark noted that Plaintiff had not sought treatment from him for six years. (Tr. 252) When Plaintiff saw Dr. Clark in September 1996, Plaintiff complained only of an allergic reaction to medications. (Tr. 252). Dr. Clark's records of Plaintiff's treatment from September 1996 through June 1998 reflect various minor complaints which included the following: a knot on her left arm that was treated with antibiotics; a single episode of back pain that resolved with medication; a few episodes of leg pain that were treated with medication; and acute gastritis that was treated with medication. (Tr. 148-151, 245-251) *See* Mickles, 29 F.3d at 930 (ALJ did not err by considering the inconsistency

between claimant's level of treatment and claims of disabling pain); Hunter v. Sullivan, 993 F.2d 31, 36 (4th Cir. 1993) (lack of hospitalization or other significant treatment constitutes specific evidence which supports an acceptable credibility determination that symptoms are not disabling).

Dr. Clark's treatment notes did not indicate that Plaintiff's condition resulted in any specific and ongoing functional limitations which would diminish her ability to perform basic work activities. (Tr. 148-151, 245-251)  See Craig v. Chater, 76 F.3d 585, 591-596 (4th Cir. 1996) (objective medical evidence supported a conclusion that claimant was not disabled); Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (objective medical evidence did not reflect disabling condition).  Furthermore, Dr. Clark's treatment of Plaintiff was conservative.  See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986) (a condition is not disabling if it can be reasonably controlled by medicine or treatment).  Although x-rays in January 1998 showed degenerative changes in Plaintiff's lumbar spine and hips (Tr. 205), Dr. Clark did not place any restrictions on her activities.  Thus, the evidence of record allowed the ALJ to reasonably infer that prior to her date last insured, Plaintiff did not have any impairments that significantly limited her ability to perform basic work-related activities.  See, e.g., Jolley v Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) (inferences can be properly drawn form record evidence).  In conclusion, the Court's review of the record indicates that the ALJ's decision was based upon substantial evidence in the record as a whole.



2.   **The ALJ did not properly assess the Plaintiff's allegations of pain and the credibility of the Plaintiff.**

The ALJ stated in his decision that he "considered the Claimant's subjective complaints and finds that her complaints are not totally credible and are inconsistent with the medical records

in regard to her condition on and prior to June 30, 1998." (Tr. 20) It is important to note that the ALJ properly focused his credibility analysis on the time period *prior to* the date last insured, about which Plaintiff testified. (Tr. 43-48)

The ALJ noted that Plaintiff's objective medical findings were inconsistent with impairments of disabling severity, that the treatment she received was conservative in nature, and that no physician placed any restrictions on her abilities prior to June 30, 1998. (Tr. 20) Despite Plaintiff's allegations of disabling pain, the ALJ was not required to accept her complaints without question. See Craig, 76 F.3d at 591. Inconsistencies between a claimant's alleged symptoms and the evidence of record may support a finding that the claimant is not fully credible. Id. Because the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence, the Court will defer to it and not substitute its judgment for that of the ALJ. See Hays, 907 F.2d at 1456.



Plaintiff testified that she left her job as a nurses' aide in 1994 because she had trouble lifting the patients, and had trouble walking and standing, and was in pain. (Tr. 45) However, as Dr. Clark's medical records indicate, she did not seek treatment from him from 1990 to 1996. (Tr. 252) As discussed above, although Dr. Clark's records indicate he began to treat Plaintiff in March 1986, there was very little objective medical evidence substantiating Plaintiff's allegations of disability prior to June 30, 1998. (Tr. 242-264) The Fourth Circuit has recognized that "subjective evidence of pain and other symptoms cannot take precedence over objective medical evidence or the lack thereof." Craig, 76 F.3d at 592; *see also* Mickles, 29 F.3d at 923 (allegations of pain and other subjective symptoms, without more, are insufficient to show disability).

Page 11 of 13

In addition to the lack of supporting objective medical evidence, other reasons also allowed the ALJ to determine that Plaintiff was not totally credible. Prior to her date last insured, Plaintiff's various medical complaints had been treated in a fairly conservative manner and had not required hospitalization. *See* Mickles, 29 F.3d at 930 (ALJ did not err by considering the inconsistency between claimant's level of treatment and claims of disabling pain); Hunter, 993 F.2d at 36 (lack of hospitalization or other significant treatment constitutes specific evidence which supports an acceptable credibility determination that symptoms are not disabling).

Furthermore, Plaintiff testified that prior to her date last insured, she could vacuum floors, and do laundry, and she did not miss work due to her pain. (Tr. 43-45) *See* Mastro v. Apfel, 270 F.3d 171, 179 (4th Cir. 2001) (claimant's daily activities undermined her subjective complaints). While evidence of daily activities may not be determinative on the issue of disability, in conjunction with other evidence of record, it may provide significant support for the conclusion that Plaintiff's complaints were not fully credible. *See* Craig, 76 F.3d at 594 (noting the factors to be considered in credibility evaluation process, including evaluation of Plaintiff's activities); SSR 96-7p (an individual's daily activities are a factor in assessing credibility). In this case, the Plaintiff failed to establish that she was disabled on or prior to her date last insured.

The primary function of this Court on review of Social Security disability determinations is not to try Plaintiff's claim *de novo*, but rather to leave the findings of fact to the agency and to determine upon the whole record whether the agency's decision is supported by substantial evidence. King v. Califano, 599 F.2d 597 (4th Cir.1979); Teague v. Califano, 560 F.2d 615 (4th Cir.1977). Substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, supports the ALJ's conclusion that Plaintiff had no medically

determinable impairment prior to June 30, 1998. Accordingly, this Court recommends that the Commissioner's decision be affirmed.

### RECOMMENDATION

Based upon the foregoing, it is recommended that the Commissioner's decision **be affirmed.**

George C. Kosko
United States Magistrate Judge

October 19, 2005

Charleston, South Carolina